(43 Misc. Rep. 153.)

### EATON v. HALL.

(Supreme Court, Trial Term, Kings County.   March, 1904.)

1. LANDLORD AND TENANT—DISPOSSESSION OF TENANTS—RIGHTS OF THIRD PERSON.

Where a landlord lawfully dispossesses tenants of a single room occupied as an office without making a party to the proceedings a person who had hired deskroom from the tenants, such person cannot subsequently maintain an action against the landlord to recover damages alleged to have been suffered from the dispossession, since he had no estate or interest in the realty.

Action by Walter R. Eaton against Charles W. Hall.   Verdict directed for defendant.   Plaintiff moves for a new trial.   Motion denied. See 79 N. Y. Supp. 887.

W. S. Armstrong; for plaintiff.
Lemuel Skidmore, for defendant.

GAYNOR, J.   The defendant let one room to Reavy & Shook, attorneys at law, for an office.   They occupied it, but let deskroom therein to the plaintiff by the month.   There were no partitions; the office was in common, except that each desk had its place.   The defendant took summary proceedings against Reavy & Shook under the landlord and tenant act, and they were dispossessed by a city marshal under the final order.   At the same time the defendant removed the desk of the plaintiff, and his few other small chattels, the marshal declining to do so because he was not a party to the proceeding; and for being so dispossessed this action is brought for damages.

I do not think that the plaintiff had any tenancy or right apart from or outside of that of Reavy & Shook.   He had no estate or interest in the real estate.   His position was no better than that of one with a room in a boarding or lodging house.   He had to go out with them.   Wilson v. Martin, 1 Denio, 602; Smith v. Rector, 107 N. Y. 619, 14 N. E. 825.

Motion denied.