### SWART *v.* WESTERN UNION TELEGRAPH CO.

1. LANDLORD AND TENANT—LEASES—PAROL CONTRACTS.

    The proprietors of a hotel agreed to lease space therein to a telegraph company, and the term, amount of rent, and times of payment were agreed upon, but the written lease contemplated was not executed, because the parties failed to agree upon the extent of the hotel's franking privilege and the hours during which the office should be kept open. *Held,* that there was no such meeting of the minds as to constitute a valid parol lease by which the rights of the parties could be determined during the occupancy of the space by the telegraph company, but its occupancy was under a tenancy at will, terminable upon a month's notice.

2. SAME—WHO ARE TENANTS—RENTERS OF ROOMS.

    One who rents desk room from a tenant of an office is not a tenant, and obtains no interest in the real estate, but has simply the right to occupy a chair and desk in the office during the tenancy of the person from whom he rents, and when that tenancy ceases his right of occupancy also terminates, and his continuance in possession with the consent of the landlord does not operate to continue the tenant's lease.

Error to Wayne; Frazer, J.   Submitted October 12, 1905.   (Docket No. 47.)   Decided November 21, 1905.

Assumpsit by James H. Swart and William C. Swart,

copartners as Swart Brothers, against the Western Union Telegraph Company for rent. There was judgment for plaintiff for less than the amount claimed, on a verdict directed by the court, and plaintiffs bring error. Affirmed.

In the winter of 1901, plaintiffs, proprietors of the Hotel Cadillac, and one Elster, the local manager of the defendant, entered into verbal negotiations for a lease to the defendant for room in the Hotel Cadillac for a telegraph office. A proposition was made by plaintiffs to lease room or space for that purpose for five years at $1,800 per year, payable monthly, and $40 per month franking or "dead head" telegraphing. Mr. Elster telegraphed the proposition as to amount of rent, extent of term, and times of payment to the proper officer of his company in New York City. He received an answer approving it, and notified the plaintiffs. Defendant took possession on March 1st, and occupied the room until July 31st. It was agreed that a written lease should be executed. Pursuant to this understanding, the plaintiffs prepared a lease, executed it in duplicate, and submitted it to the defendant. It was not satisfactory, and defendant thereupon prepared a lease and submitted it to the plaintiffs. This plaintiffs refused to sign. They then prepared another lease, which the defendant refused to sign. The defendant then prepared a fourth, which was signed by it and submitted to the plaintiffs, but, before its execution by the plaintiffs, the defendant, on July 30th, notified plaintiffs that the defendant would vacate the next day. On July 31st plaintiffs signed the last lease submitted. Defendant vacated on August 1st. The rent was paid at the rate of $150 per month to July 31st. At the time defendant took possession it leased desk room to a railroad ticket agent. He occupied his desk during the time the defendant was in possession, and for some time thereafter; plaintiffs refusing to take rent which he had agreed to pay the defendant, but making no objection to his occupancy. The dis-

agreement between the parties arose over the extent of the franking privilege and the hours during which the office should be kept open.   Upon these their minds never met.

*James McNamara* and *Frank C. Cook*, for appellants.

*C. A. Kent*, for appellee.

GRANT, J. (*after stating the facts*).   1. No claim is made by plaintiffs that any written lease was executed. They claim that there was a parol lease for five years, void under the statute of frauds, but valid for a year, and seek to recover for seven months' rent.   The court held that no verbal lease had been agreed upon, and that, therefore, the defendant was a tenant at sufferance or at will, and that, the rent being payable monthly, plaintiffs were entitled to one month's rent, and judgment was entered for that amount.   The plaintiffs have appealed.

It is clear that the verbal negotiations did not embody all the terms of the proposed lease, nor was it contemplated that they should.   In the cases upon which plaintiffs' counsel rely there was no doubt that a parol lease had been agreed upon.   The jury and the court were able to definitely establish their terms.   See *Huntington* v. *Parkhurst*, 87 Mich. 38.   It was not enough to constitute a lease that the term rent and time of payment were agreed upon, if the other provisions were contemplated upon which they had not agreed.   The court, therefore, correctly held that the minds of the parties had never met, and that there was no parol lease by which their rights could be determined.   The tenancy was one at will, terminable upon a month's notice.   *Huyser* v. *Chase*, 13 Mich. 98; *McIntosh* v. *Hodges*, 110 Mich. 319; *Barrett* v. *Cox*, 112 Mich. 220.

2. It is insisted that the occupancy of Mr. Traitel, the ticket agent, after the defendant had vacated the office, operated as a continuance of the lease, and that it was the duty of the defendant to eject Mr. Traitel.   Mr. Traitel was not a tenant, within the technical definition of that

term.   His occupancy was more in the nature of a board-er at a hotel or boarding house, who, by virtue of his con-tract of occupancy, obtains no interest in the real estate. Mr. Traitel was duly notified of the cancellation of the arrangement with plaintiffs and to remove.   He tendered the rent to plaintiffs, and it was refused.   He then ten-dered it to defendant, which also refused it.   Mr. Traitel had no right of occupancy as against plaintiffs.   He made no lease with any one.   He had simply the right to occupy a chair and desk in the room.   Plaintiffs could have re-moved these at any time.   They chose, however, to let him remain.   If they did not desire his presence, they should have notified him to leave.   Under this record, he remained with their acquiescence.   He had no right of occupancy outside of that of the defendant.   When its occupancy terminated, his right of occupancy also ter-minated.   *Eaton* v. *Hall*, 88 N. Y. Supp. 260; *Wilson* v. *Martin*, 1 Denio (N. Y.), 602.

Judgment affirmed.

MOORE, C. J., and MCALVAY, BLAIR, and OSTRANDER, JJ., concurred.