McGivern v. Parkhill, 195 Ill. App. 343.

## Thomas McGivern, Defendant in Error, v. Elizabeth Parkhill, Plaintiff in Error.

## Gen. No. 20,826. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed November 15, 1915. Rehearing denied November 29, 1915.

## Statement of the Case.

Action of forcible detainer by Thomas McGivern, plaintiff, against Elizabeth Parkhill, defendant, in the Municipal Court of Chicago. To reverse a judgment for plaintiff, defendant prosecutes this writ of error. The facts, so far as material, are as follows:

Defendant was in possession of the premises in question under a written lease, executed by plaintiff and by her, for one year ending April 30, 1914. She testified that in March or April of that year defendant asked her if she wanted to stay another year, and she said yes, she wanted a lease for three years; that plaintiff said that he did not want to make a lease for more than one year, but then said, "I will give you a two years' lease," and that she said ,"All right"; that defendant delivered to her May 1st duplicate instruments in writing in the form of leases of the premises for two years, in the body of which plaintiff is named

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

as lessor and defendant and her husband, H. J. Park-
hill, as lessees, which instruments had not been signed
by any one; that she and her husband signed said
instruments about a week after May 1st; that she kept
said instruments in her possession and did not tell
plaintiff that she or her husband had signed the same
until July 28th, when plaintiff served her with a notice
in writing that he had elected to terminate her lease
of the premises, her lease and tenancy to terminate
August 31st, and notifying her to surrender possession
of the premises to him at the close of that day; that
she then said to plaintiff, "You can have your leases;
they have been signed." She gave as a reason for not
informing plaintiff that the instruments were signed
and returning the same to him, that she was waiting
to see what he would do about dividing the store, and
admitted that the dividing of the store and the leasing
to her of one-half of it was discussed between her and
plaintiff after May 1st.

John M. Grimes, for plaintiff in error.

W. A. Morrow, for defendant in error.

Mr. Justice Baker delivered the opinion of the
court.

## Abstract of the Decision.

1. Appeal and error, § 1174*—*how direction of verdict reviewed.*
In deciding the question as to whether there was error in the direc-
tion of a verdict by a trial court, the evidence most favorable to the
party against whom the verdict is directed must be taken as true,
and the inferences to be drawn therefrom, while they must be such
as may be fairly made, must also be such as are most favorable to such
party.

2. Landlord and tenant, § 41*—*when lease not accepted.* In an
action of forcible detainer, where it appeared that defendant received
two copies of a proposed lease unsigned by lessor, and where although
defendant signed them, she did not notify plaintiff or return the
leases, and where it appeared that after the date of the leases she

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

conversed with plaintiff about a proposed lease which was different from that which she signed and retained, *held* that such conversation tends to show that defendant did not regard the leases signed as binding on her.

3.  LANDLORD AND TENANT, § 41*—*when unsigned lease not binding.* Leases not signed by lessor but delivered to and signed by lessee are not within the rule that where a lease contains mutual covenants and is executed by lessor only and accepted by lessee such lease is binding on the lessee.

4.  LANDLORD AND TENANT, § 89*—*what is status of tenant holding over under void lease.* A verbal agreement for a lease is void under the statute, and tenant holding over under such an agreement becomes a tenant from month to month.

5.  FRAUD, STATUTE OF, § 96*—*when part performance ineffective.* At law part performance does not take a contract out of the Statute of Frauds.

6.  LANDLORD AND TENANT, § 39*—*when transaction mere revocable offer to lease.* Where a lessor sends to lessee copies of a proposed lease not executed by himself, which the lessee signs and retains without notifying the lessor of her acceptance of the lease, the facts show no more than an offer on the part of lessor to make a lease; and where it appears that the lessor, prior to notice of the lessee's acceptance of the lease, gave defendant notice to quit, such notice in legal effect amounts to a withdrawal of the offer.

7.  LANDLORD AND TENANT, § 41*—*when lease not accepted by lessee.* Where a lessor sends to a lessee copies of a proposed lease which the lessee signs and retains without notifying the lessor, pending action of the lessor on a request for a lease containing different terms, there was no valid acceptance of the proposed lease so as to bind the lessor, as the lessee's assent thereto was merely mental.

8.  LANDLORD AND TENANT, § 41*—*When lease not accepted, within reasonable time.* Where a lessor sends to a lessee copies of a proposed lease which was dated May 1st, and the lessee did not notify the lessor of her acceptance of such lease until July 28th, *held* that the acceptance was not made within a reasonable time.

9.  CONTRACTS, § 40*—*what is effect of failure to accept promptly.* Where an offer to make a contract is not accepted within a reasonable time, the offerer may regard the offer as rejected.

10.  FORCIBLE ENTRY AND DETAINER, § 50*—*who not a necessary party.* In an action of forcible detainer, where the contract was verbal and between plaintiff and defendant alone, a judgment for plaintiff *held* not erroneous in that defendant's husband was not joined as party defendant, where it did not appear that the husband was ever in possession of the premises of which possession is sought.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.