JAMES E. HENCHEY *vs.* CHARLES E. RATHBUN.

Middlesex.    March 13, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Landlord and Tenant,* Acceptance of lease.    *Contract,* What constitutes.

At the expiration of a lease the landlord sent to the former lessee two originals of a new lease signed by him enclosed in a letter asking the former lessee to "sign one of the leases if correct." The former lessee, instead of signing and returning one of the duplicates, wrote to the landlord asking that an option of purchase might be inserted corresponding to a similar clause in the lease which had expired. After correspondence in which no change was agreed upon, the landlord notified the former lessee that he had decided not to renew the lease. Thereupon the former lessee sent back the duplicate of the lease executed with a check for the rent that had accrued according to the terms of the lease. The landlord replied

that the return of the lease was too late and that the check was credited to the sender on his account as a tenant at sufferance. The former lessee then stated that he had signed the duplicate of the lease soon after receiving it and had retained it awaiting the reply to his proposal to insert an option of purchase clause. In a summary process for possession of the premises brought by a new lessee against the former lessee still in possession, it was *held*, that there was no evidence for the jury of an acceptance of the lease by the defendant and that judgment must be ordered for the plaintiff.

In the case above stated the jury found, in answer to a special question submitted to them, that the former lessee signed the new lease with the intention of accepting it before he received the landlord's letter of withdrawal, and it was *held* that the act of signing when not communicated to the landlord could not be found to be an acceptance of the lease, and that the former lessee's secret purpose to obtain an option if he could and, if he failed to obtain it, to take what was offered could not be made the basis of an enforceable contract.

In the same case it was *held* that the duplicate original of the new lease signed by the landlord only, being an incompleted instrument, could not have the effect of a deed poll.

SUMMARY PROCESS under R. L. c. 181 for the possession of certain land in Woburn. Writ in the Fourth District Court of Eastern Middlesex dated October 15, 1915.

On appeal to the Superior Court the case was tried before *Stevens*, J. The evidence is described in the opinion. At the close of the evidence the judge submitted to the jury the two following questions:

"1. Did the defendant accept the lease from Edmund Reardon [the owner of the land] dated June 1, 1915, with the understanding that it was in force before he received the letter from Reardon dated August 2, 1915, but said to have been mailed August 11, 1915?

"2, Did the defendant execute the lease from Edmund Reardon dated June 1, 1915, with the understanding that it was in force before he received the letter from Reardon dated August 2. 1915, but said to have been mailed August 11, 1915?"

To each of these questions the jury answered "Yes." Thereupon the judge ordered a verdict for the defendant, and with the consent of the parties reported the case for determination by this court.

*F. J. Carney*, for the plaintiff.

*H. P. Johnson*, for the defendant.

BRALEY, J. The defendant at the date of the lease upon which the plaintiff relies was in occupation of the premises, but whether

as a tenant at sufferance or under a lease prior in time from one Reardon, the common landlord of the parties hereafter referred to as the lessor, is the principal question for determination. If the defendant has the older title, the plaintiff fails to establish a present right of entry and ejectment cannot be maintained. *Page* v. *Dwight,* 170 Mass. 29. *Bradshaw* v. *Ashley,* 180 U. S. 59.

It was undisputed that, being an occupant under a lease the term of which had expired, the defendant remained in possession while negotiations were pending for a further lease of the premises. The lessor, whose testimony was uncontradicted, stated that after an understanding had been reached "he drew up two signed copies of a lease and sent them to the defendant with a letter" requesting him to "sign one of the leases if correct . . ." But, instead of accepting, signing and returning the duplicate, the defendant by letter asked that an option of purchase be inserted corresponding with a similar clause in the lease which had expired. A cross proposal however is not an acceptance. It does not of itself constitute a contract, as the parties were not in accord and no final agreement had been consummated. It is plain under the circumstances that delivery by the lessor depended upon the defendant's acceptance, to be shown by his signature and return of the duplicate, and that the lessor until acceptance had the right to withdraw from the proposed contract. *Metropolitan Coal Co.* v. *Boutell Transportation & Towing Co.* 185 Mass. 391, 395.

The parties after some correspondence never having agreed upon any change in the instrument as drafted, the lessor notified the defendant that he had decided not to renew, and thereupon the defendant replied by returning the duplicate duly executed, with a check for the rent which by the terms of the lease had accrued. By the correspondence which immediately followed the lessor informed the defendant "that the return of the lease is too late and that your check is credited your account as tenant on sufferance," and the defendant in reply notified the lessor that the lease "was signed within a few days after being received and then held awaiting your reply to my letter as to having the buying option clause inserted. The fact that your lease was in my possession doesn't give you any grounds for your back water. And I shall hold you to it and expect your fulfilment as you do of me."

The notification, coupled with the execution and return of the

duplicate, apparently led the trial judge, subject to the plaintiff's exceptions, to submit to the jury the questions, whether the defendant accepted the lease with the understanding that it was in force before he received the letter of withdrawal, and whether the defendant executed the lease with the understanding that it was in force before he received the letter of withdrawal, which having been answered in the affirmative, a verdict for the defendant was ordered. But acts not communicated to the other party are insufficient to constitute an acceptance, and the secret designs or purposes of the defendant to obtain the option if he could, and upon failure to obtain it then to take what had been offered, cannot be made the basis of an enforceable contract where the contract is conditioned to take effect upon a mutual understanding and agreement. *Stoddard* v. *Ham,* 129 Mass. 383, 385. *O'Donnell* v. *Clinton,* 145 Mass. 461, 463. *Madden* v. *Boston,* 177 Mass. 350. Nor could the incompleted instrument have the effect of a deed poll binding the lessor. No estate had vested under it in the defendant, who is not shown to have occupied under a lease defectively executed as in *Codman* v. *Hall,* 9 Allen, 335, and *Carroll* v. *St. John's Society,* 125 Mass. 565, 566.

It follows that the jury should have been thus instructed; and by the terms of the report judgment must be entered for the plaintiff.

*So ordered.*