RINDGE BUILDING *v*. UNITED AUTOMOBILE INSURANCE
CO.

1. LANDLORD AND TENANT—WHERE TENANT DELAYED ACCEPTANCE
OF WRITTEN LEASE FOR OVER A YEAR EVIDENCE CONSTRUED MOST
STRONGLY AGAINST ACCEPTANCE.

In summary proceedings for the possession of leased
premises, where defendant kept for over a year a written
lease tendered to it for its acceptance and did not return
it signed until after it had been notified to vacate, the
evidence must be viewed in the light most favorable to
plaintiff, who claimed there had been no acceptance, and
that defendant was a tenant from month to month.[1]

2. TRIAL—WEIGHT OF CONTRADICTORY TESTIMONY BY A WITNESS FOR
THE JURY.

Where a witness gave testimony inconsistent with, if not
flatly contradictory of, testimony previously given, the
weight to be given to his various statements was for the
jury.[2]

3. LANDLORD AND TENANT—ACCEPTANCE OF LEASE—QUESTION FOR
JURY.

Where a landlord's agent made out a written lease and
tendered it in duplicate to the tenant who was then in
possession, to be signed and one returned to the landlord,
but said lease was not returned for over a year and not
until after notice to vacate had been given, the question
whether said lease had been accepted, *held*, under the
evidence, one for the jury.[3]

Error to Kent; Perkins (Willis B.), J.    Submitted
October 31, 1924.    (Docket No. 39.)    Decided De-
cember 31, 1924.

Summary proceedings by the Rindge Building
against the United Automobile Insurance Company
for the possession of leased premises.    There was

[1]Landlord and Tenant, 35 C. J. § 394; [2]Trial, 38 Cyc. p. 1520;
[3]Landlord and Tenant, 35 C. J. § 394.

judgment for restitution before the commissioner, and defendant appealed to the circuit court. Judgment for defendant. Plaintiff brings error. Reversed.

*Travis, Merrick, Warner & Johnson,* for appellant.

*Linsey, Shivel & Smedley,* for appellee.

CLARK, C. J. Plaintiff purchased on February 1, 1923, the Shepard building in Grand Rapids from Shepard, the owner. Rowlette was Shepard's agent in charge of the building before the sale. A list of tenants holding under written leases, and another list of those holding under verbal leases from month to month were given to plaintiff by Shepard at the time of transfer. Defendant was listed as a tenant of room 518, holding without lease in writing and from month to month.

On July 10, 1923, plaintiff gave defendant notice to quit room 518 and also a certain room or space adjoining on the north. Later defendant produced two papers being in form a lease executed in duplicate, signed by defendant and by Shepard by Rowlette as agent, and dated July 11, 1922. Statutory proceedings for possession followed, and appealed to and tried in the circuit court resulted in verdict and judgment for defendant. Plaintiff brings error.

The lease in duplicate was prepared by Rowlette and handed to an agent of defendant on July 11, 1922. Defendant claims that both parts of the lease were signed by its secretary soon after that date, but that through oversight both papers were kept in defendant's office and that neither of the papers was returned or offered to the landlord until after notice to quit. Plaintiff claims that the lease in duplicate as offered to defendant covered "Room 518 and northwest side room" and that the papers when produced by defendant had been altered to read "northeast"

instead of "northwest." This the defendant denied. The claimed alteration was the only question submitted to the jury.

Plaintiff insists that the court erred in not submitting to the jury the question of whether defendant had accepted the lease offered by the landlord, and that, in holding as a matter of law that there was a written lease between the parties (aside from the question of alteration), the court disregarded evidence adduced. We recall the familiar rule that on this question, as presented, the evidence must be viewed in the light most favorable to the plaintiff. Rowlette testified in part that on July 11, 1922, when he prepared and offered the lease to defendant, defendant was already in possession of the premises making them ready for use as an office; that he handed the papers to defendant's agent in room 518, that they had not then agreed upon the length of the term, that defendant requested a two-year lease with privilege of renewal for three years, that the lease as offered was for five years "straight." That when handing the proposed lease to defendant's agent, he directed him "to take it up with" his superior and "have them signed and return one of them," that defendant never accepted, never told the landlord or anyone in his behalf that it would accept, that on the contrary it objected to language in the lease, that he, Rowlette, called many times at defendant's office for a signed copy of the lease, that defendant agents merely stalled, that he got disgusted and made no further request for the lease, and that defendant continued in possession and paid rent from month to month.

Defendant had evidence that there was an agreement as to all the terms of the lease, that the lease, as prepared by Rowlette and as corrected by him by changing "northwest" to "northeast" fully expressed the agreement, that it was signed promptly for defendant, that the landlord was promptly notified that the

lease had been signed and accepted, that defendant after signing took possession of the premises under the lease, made improvements, and has ever since paid the rent reserved, and that the failure to return a signed lease to the landlord was mere oversight.

Although Rowlette gave other testimony inconsistent with, if not flatly contradictory of, that portion of his testimony above reviewed, the weight to be given to his various statements was for the jury.

The evidence, including that above stated and the explanations or excuses of defendant for its failure to return the lease to the landlord, presented a question of fact for the jury as to whether the defendant had accepted the lease and held under it.    See 35 C. J. p. 1144; *Phœnixville Borough* v. *Walters*, 147 Pa. 501 (23 Atl. 776) ; *Henchey* v. *Rathbun*, 224 Mass. 209 (112 N. E. 862) ; *McGivern* v. *Parkhill*, 195 Ill. App. 343; *L. & M. Holding Co.* v. *Karp*, 194 N. Y. Supp. 476; *Swart* v. *Telegraph Co.*, 142 Mich. 21; *Gault* v. *Gault*, 162 Mich. 85; 1 Underhill on Landlord and Tenant, p. 351, 16 R. C. L. p. 566.

The case of *Bakker* v. *Fellows*, 153 Mich. 428, cited by defendant to sustain its contention that if the act of plaintiff in delivering the signed lease to defendant is a mere offer, nevertheless defendant's taking possession, making repairs and paying rent constitute an acceptance in law, is clearly distinguishable in facts, assuming the facts in the case at bar to be as claimed by plaintiff.    If the facts are as claimed by defendant, the case is controlling on that question.

Other questions presented have been considered, but are not likely to arise again and are not discussed.

Judgment reversed with costs to appellant.    New trial granted.

MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.    SHARPE, J., did not sit.