STEINBERG *v.* BUILDERS LUMBER & WRECKING CO.

1. APPEAL AND ERROR—REVIEWING DIRECTED VERDICT.
   In reviewing a directed verdict for defendant, the Supreme Court must take the most favorable view possible of the evidence for plaintiff.

2. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — DIRECTED VERDICT—MOTOR VEHICLES.
   Where an automobile driver had 16 feet in which to stop and prevent a collision with a horse and wagon entering the street from a driveway, and failed to do so, although he testified he could have stopped in 12 or 13 feet, he was guilty of contributory negligence as matter of law.

3. SAME—IMPUTED NEGLIGENCE.
   A husband's want of ordinary care in driving an automobile, which was the proximate cause of an accident resulting in injury to his wife, who was riding with him, is imputed to her, barring her right to recover damages therefor.

[1]Appeal and Error, 4 C. J. § 2709; [2]Negligence, 29 Cyc. p. 628; [3]Id., 29 Cyc. p. 543.

4. TRIAL—INCONSISTENT TESTIMONY—CLARIFICATION OF AMBIGUOUS TESTIMONY.

The weight of inconsistent and contradictory testimony of a witness is for the jury, but the clarification of ambiguous testimony creates no issue of fact for it.

5. SAME—CONCLUSIONS OF WITNESS ELIMINATED BY FACTS.

Conclusions stated by a witness are eliminated by inconsistent facts subsequently testified to by him.

6. SAME — EXPLANATION BY WITNESS OF GENERAL STATEMENTS GOVERNS IN CONSIDERING DIRECTION OF VERDICT.

When a witness makes general statements calling for elucidation by way of specific facts, and elucidates, the explanation governs, in considering the direction of a verdict.

Error to Wayne; Murphy (Alfred J.), J. Submitted January 27, 1927. (Docket No. 5.) Decided April 1, 1927.

Case by Carrie Steinberg against the Builders Lumber & Wrecking Company for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Payne & Payne* (*Thomas W. Payne,* of counsel), for appellant.

*Walter M. Nelson,* for appellee.

WIEST, J. While riding in an Overland coupé, driven by her husband, plaintiff met with an accident causing loss of the sight of her right eye. She brought this suit to recover damages, alleging defendant's negligence occasioned the accident. At the trial the circuit judge, for the purposes of decision, assumed defendant was guilty of negligence, but found plaintiff's husband was guilty of contributory negligence, and, under the rule that his negligence, as driver, is imputed to his wife while riding with him, directed

---

⁴Trial, 38 Cyc. pp. 1521, 1522; ⁵Id., 33 Cyc. p. 1522; ⁶Id., 38 Cyc. p. 1586.

the jury to find for defendant.   Plaintiff reviews by writ of error.

The only question presented, calling for opinion, is whether the court was in error in directing the verdict. We have taken, as we must, the most favorable view possible of the evidence for plaintiff and find ourselves in accord with the holding of the circuit judge.

Defendant had a lumber yard on the north side of Miller avenue between Carrie and Helen avenues. Along the Miller avenue side of the lumber yard was a high board fence about a foot north of the sidewalk.   A driveway 12 feet wide led from Miller avenue into the yard.   This driveway from the fence to the street curb was 18 feet in length, passed over the one-foot space between the fence line and sidewalk, over the sidewalk, 6 feet in width, and over 11 feet of parkway between the sidewalk and the street curb.   The driveway descended about 18 inches in the 18 feet.   August 6, 1923, at 8 o'clock in the morning, plaintiff left her home, a block from the driveway to the lumber yard, and on the same street, in an Overland coupé, driven by her husband.   The morning was bright and the asphalt pavement on Miller avenue dry.   Her husband drove west on the north side of Miller avenue toward the lumber yard driveway.   He was looking straight ahead and driving about 13 miles an hour.   He saw a horse and wagon coming out of the lumber yard in the center of the driveway, when the horse was on the sidewalk and his automobile was within two or three feet of the north curb and 16 feet from where the horse would cross his path in its direct course.   He testified he could have stopped his automobile in 12 feet, but made no effort to do so, although he slightly swerved to the left too late to avoid a collision.   The horse and loaded wagon came down the drive and the horse and automobile collided in the street.   In an effort to hold

back the wagon, the thills flew up and one went through the glass in the door of the coupé and struck plaintiff in the eye.    With nothing to obstruct his view, with knowledge of the threatened danger in time to have stopped his automobile and avoid the collision, why did plaintiff's husband proceed and get into the path of the horse?    There is but one answer under any possible view of his testimony, and that is, he was careless.    Common sense should have dictated to him the ordinary prudence of stopping.    He testified he could have stopped in .12 or 13 feet and had 16 feet in which to do so. . He also testified that he was not excited.    His want of ordinary care was a proximate cause of the accident, and, under the law, his want of care is imputed to plaintiff, and she can no more have recovery of damages against defendant than he could had he been the one injured.    This is not a hard rule.    It is but an application of the law of self-preservation, "the first law of nature," measured, however, in judicial proceedings, by the rule of ordinary care.

Counsel for plaintiff contend that the circuit judge, in directing the verdict, considered a part only of the testimony of the husband, and directs our attention to other parts of his testimony claimed to show due care.    Counsel say:

"There is no question but that the testimony of Mr. Steinberg was, in some respects, contradictory, and, as we view it now, in cold print, it is unsatisfactory, but we understand the rule of law to be that where a plaintiff, or a vital witness for the plaintiff, does contradict himself, it is a question for the jury to determine which statement they will believe."

We have repeatedly held that it is for the jury to say what weight shall be given the testimony of a witness as a whole.    *Goonen* v. *Railroad Co.*, 218 Mich. 502, and cases there cited.    Where a witness gives testimony inconsistent with, if not flatly con-

tradictory of testimony previously given, the weight to be given to his various statements is for the jury. *Rindge Building* v. *Insurance Co.,* 229 Mich. 555. But the clarification of ambiguous testimony creates no issue of fact for the jury. *West* v. *Railroad,* 229 Mich. 590. Conclusions stated by a witness are eliminated by facts subsequently given by him and inconsistent therewith. The husband of plaintiff did testify that *before* he got to the lumber yard a horse and wagon came out of the driveway right on top of the car; that he stopped and saw the wagon kept right on coming; that he could not see the horse until it was on top of him; that he did not stop until after the horse hit him; that he was just opposite the driveway as the horse came on. Such testimony was either ambiguous or mere conclusions and yielded, unqualifiedly, all evidential value to his statements of actual locations, distances and definite facts. When a witness makes general statements calling for elucidation by way of specific facts and elucidates, the explanation governs in considering the direction of a verdict. Under the facts established by the testimony of the husband, plaintiff was not entitled to go to the jury, and the court was not in error in directing the verdict for defendant.

The judgment is affirmed, with costs to defendant.

Sharpe, C. J., and Bird, Snow, Steere, Fellows, Clark, and McDonald, JJ., concurred.