EGGLESTON v. MANN.

CONTRACTS—EVIDENCE—SUFFICIENCY—DIRECTED VERDICT.
   In action against former owner of hotel by plumbers engaged by
   purchasers to do work and furnish material preparatory to its
   opening and operation by them, evidence that defendant, who
   lived at hotel, gave certain orders or directions with reference
   to the work, which is explained by showing that he alone knew
   location of heating pipes, etc., together with evidence that he
   informed plaintiffs he was not to pay, which statement was
   shown by cross-examination of plaintiff to have been made
   before labor and materials were furnished, presented no issue
   of fact for the jury.

Error to Houghton; Driscoll (George O.), J. Submitted June 5, 1929. (Docket No. 60, Calendar No. 34,139.) Decided July 8, 1929.

Assumpsit by Ray L. Eggleston and John Mehrman, copartners, transacting business under the firm name of Ray L. Eggleston & Company, against John C. Mann, for labor and materials furnished in repairing a hotel. From a judgment for defendant on reserved motion, plaintiffs bring error. Affirmed.

B. H. T. Burritt, for plaintiffs.

Van Slyck & Bay, for defendant.

CLARK, J. Defendant, John C. Mann, owned the Douglas House in Houghton. He entered into an agreement which contemplated sale of this hotel property to Douglas House Company, a corporation. The corporation entered into possession and

management, and began making improvements preparatory to opening and operating. Mr. Mann continued to live at the hotel.

Plaintiffs, copartners, were engaged by the corporation to do plumbing and to furnish material, which they did, and all of which was charged on plaintiffs' books to the corporation. Plaintiffs filed as against the corporation statement of lien and later a bill to enforce it, which was dismissed. Then plaintiffs began this action in assumpsit to recover of Mr. Mann, asserting as against him a promise to pay. The testimony to support the averment of promise is that Mr. Mann gave certain orders or directions with respect to the work. This is explained by showing that, of the persons about the hotel, Mr. Mann alone knew of the location and installation of heating pipes, etc., and that consequently his advice was sought. It is not disputed that Mr. Mann told plaintiffs that he was not to pay. Plaintiffs' direct testimony leaves the time of making such statement somewhat indefinite but on cross-examination this was corrected and made definite and the time fixed as before the furnishing of labor and materials for which recovery is sought.

Plaintiffs had verdict and on decision of a reserved motion to direct verdict the court ordered judgment for defendant on the ground that the evidence presented no issue of fact. Plaintiffs bring error.

We are in accord with the trial court, who based his decision on *Steinberg* v. *Builders Lumber & Wrecking Co.*, 238 Mich. 181, quoting:

"But the clarification of ambiguous testimony creates no issue of fact for the jury. *West* v. *Railroad*, 229 Mich. 590. Conclusions stated by a witness are eliminated by facts subsequently given by him and inconsistent therewith. * * * When a

witness makes general statements calling for elucidation by way of specific facts and elucidates, the explanation governs in considering the direction, of a verdict."

And on *Kurtz* v. *Railroad Co.,* 238 Mich. 289:

"It is a rule of law that testimony by way of correction of a misstatement does not make an issue of fact."

Judgment affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.