KLIDA v. COLLINS.

1. TRIAL—CONCLUSION OF WITNESS ELIMINATED BY FACTS.
    Conclusions stated by witnesses are eliminated by facts subsequently given by them inconsistent therewith.

2. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.
    Where, in action for personal injuries caused by collision of automobile in which plaintiff was riding with street car, testimony of witnesses for plaintiff that collision took place at east end of switch was eliminated by their subsequent testimony as to undoubted facts showing collision took place at west end of switch, in which case it is conceded plaintiff would be guilty of contributory negligence as matter of law, and their subsequent testimony is supported by all other witnesses, court properly held that plaintiff was guilty of contributory negligence as matter of law.

Error to Bay; Houghton (Samuel G.), J. Submitted June 4, 1929. (Docket No. 29, Calendar No. 33,854.) Decided September 4, 1929.

Case by Valeria Klida against John F. Collins, receiver of the Michigan Railroad Company, a corporation, for personal injuries. From judgment *non obstante veredicto* for defendant, plaintiff brings error. Affirmed.

*Collins & Thompson* (*C. A. Higgs,* of counsel), for plaintiff.

*Whiting & Kleinstiver* (*James E. Duffy* and *James E. Duffy, Jr.,* of counsel), for defendant.

McDONALD, J. This is an action to recover damages for personal injuries received in a collision between an automobile in which the plaintiff was riding and an interurban street car owned and operated by the defendant in and between the cities of Saginaw and Bay City, Michigan.

The collision took place on Columbus avenue in Bay City. Columbus avenue extends east and west. The interurban track curves from the south on Farragut street west into Columbus avenue. The next street to the west of Farragut is Grant, and beyond Grant is Van Buren. Farragut and Van Buren run north and south across Columbus. Grant street intersects Columbus from the north but does not cross it. At a point 136 feet west from where the track enters Columbus avenue there is a switch to the south of the main track. It curves slightly to the south for a distance of 93 feet, then runs straight for 70 feet and curves back 89 feet to the main track. The switch is 252 feet long. The place of the collision is in dispute but it was somewhere along the switch.

The plaintiff was riding in an automobile driven by a Mr. Frazer. They were going east, and it is her claim that as they approached the east end of the switch the interurban car which was going west changed its course and suddenly swung into the switch, that the driver of the automobile could not pass because of some automobiles parked at the curb, and that, confronted with this sudden peril, he turned to the left and attempted to cross the track ahead of the interurban car. The result was a collision in which the plaintiff was seriously injured.

It is the defendant's claim that the collision took place near the west end of the switch as the inter-

urban car was making the curve back to the main track, that the driver of the automobile saw, or if he had been looking would have seen, the car as it came west on the switch, that, at the point where the accident happened, there was ample room to pass between the track and the curb, and that the driver was not compelled to choose between two dangerous courses but negligently drove upon the track without looking and was therefore guilty of contributory negligence.

On the trial, the plaintiff recovered a verdict for $2,000. On motion, the court entered a judgment *non obstante veredicto* for the defendant. The plaintiff has brought error.

Because we are convinced that the plaintiff was guilty of contributory negligence as a matter of law, we will confine our discussion to that question. It is conceded by the plaintiff that we must find contributory negligence if we find that the collision took place west of Grant street at the west end of the switch. On the other hand she claims, and we think correctly, that if it took place at the east end of the switch her contributory negligence was a question for the jury.

The driver of the automobile and two other occupants testified positively that the accident happened east of Grant street near the east end of the switch. But in giving the details of the location, these same witnesses say that it took place opposite a certain grocery store and pool room, which the undisputed testimony shows was west of Grant street. They also testified that after the automobile was hit it went a short distance to the east and stopped at the northwest corner of Grant street. If this testimony is true, and there is no doubt of it, they were wrong in their conclusions that the accident happened east

of Grant street. These conclusions are inconsistent with the definite details of the location given by the same witnesses. The language of Mr. Justice WIEST in *Steinberg* v. *Lumber & Wrecking Co.*, 238 Mich. 181, is applicable and controlling:

"Conclusions stated by a witness are eliminated by facts subsequently given by him and inconsistent therewith. The husband of plaintiff did testify that *before* he got to the lumber yard a horse and wagon came out of the driveway right on top of the car; that he stopped and saw the wagon kept right on coming; that he could not see the horse until it was on top of him; that he did not stop until after the horse hit him; that he was just opposite the drive, way as the horse came on. Such testimony was either ambiguous or mere conclusions and yielded, unqualifiedly, all evidential value to his statements of actual locations, distances and definite facts."

In the instant case, the only testimony relied on to make a question for the jury on contributory negligence is the statement of the three witnesses that the collision took place east of Grant street. Their subsequent testimony as to the details of the location showed that it took place west of Grant street. In this they were supported by the testimony of all other witnesses. In view of these facts, the court did not err in holding as a matter of law that the plaintiff was guilty of contributory negligence.

The judgment is affirmed, with costs to the defendant.

NORTH, C. J., and FEAD, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.