### TORBERT v. SMITH'S ESTATE.

MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
Where driver of truck with long trailer attached, without warning, made sudden left-hand turn in front of approaching automobile, the contributory negligence of automobile driver, who first increased his speed to get ahead of truck and then unsuccessfully applied brakes, was question for jury, since negli-

On the question of liability for collision between automobiles or an automobile and another vehicle at or near corner of street or highway, see annotation in L. R. A. 1916A, 745.

gence may not be predicated on strict mathematical computation of time, distance, and rate of speed, but, when unexpected occurs, time must be allowed driver, put in peril without his fault, to appreciate danger and form judgment of how he will meet it. WIEST, C. J., and McDONALD and SHARPE, JJ., dissenting.

Error to Wayne; Hart (Ray), J., presiding. Submitted October 17, 1929. (Docket No. 137, Calendar No. 34,494.) Decided March 7, 1930. Rehearing denied April 24, 1930.

C. R. Wash and others presented their claims against the estate of James W. Smith for personal injuries suffered in an automobile collision. From a partial allowance of the claims in the probate court, Hugh L. Torbert, executor of the estate, appealed to the circuit court. From a judgment for defendant *non obstante veredicto*, plaintiffs bring error. Reversed.

*Austin E. Stebbins,* for plaintiffs.

*Vandeveer & Vandeveer,* for defendant.

FEAD, J. Claims of C. R. Wash and two relatives for damages sustained by them in a collision between a Chevrolet roadster, driven by Wash and in which his relatives were riding, and a truck owned by James W. Smith, since deceased, were allowed in part in probate court against the estate of the latter. On appeal to circuit court by the executor, claimants had verdict of a jury, on consolidation of the claims, but the court entered judgment *non obstante veredicto* on the ground that Wash had been guilty of contributory negligence as a matter of law. This presents the only question in the case.

The collision occurred in the afternoon of a clear, dry day at the intersection of Woodward and Savan-

nah avenues in the city of Detroit. The truck had a trailer attached, used for carrying automobile bodies, the whole vehicle being about 60 feet long. It was running south on the west side of Woodward avenue at a speed variously estimated at from 10 to 25 miles per hour. The roadster was running north on the east side of Woodward avenue at from 15 to 20 miles per hour. There was considerable testimony that the driver of the truck, without warning by hand or horn, made a sudden left-hand turn, increased his speed, ran across double street car tracks and into Savannah avenue, close to the south curb, at which point the truck was struck by the roadster near the rear wheels of the truck proper.

Defendant contends the case is ruled by *Steinberg* v. *Builders' Lumber & Wrecking Co.*, 238 Mich. 181, where the plaintiff, able to stop his car in 12 feet, saw a horse-drawn vehicle approaching from a driveway on the right, 16 feet ahead of him, made no effort to stop, and was held guilty of negligence as a matter of law. The contention is based on Wash's testimony that he could have stopped his car in 20 feet when running at the speed of 18 miles per hour; that he first saw the truck when he was 30 feet from the corner; and he increased his speed with the intention of beating it to the intersection and either passing ahead of it on Woodward avenue or turning in front of it on Savannah avenue.

The contention ignores other testimony favorable to claimants. Wash testified that the truck ran 10 feet south on Woodward avenue after he first saw it and before it began to turn, and that it was running at 10 miles per hour while he was running at about 18 miles per hour. While the truck was running the 10 feet, Wash must have gone some 18 feet, and, at the time the truck began to turn, was within 12 to

15 feet of the point of collision, too close to have avoided it by trying to stop. In view of the length of the truck and trailer, the jury could reasonably have found that he could not pass behind it and that his attempt to beat the truck to the intersection was his best chance to escape injury. Moreover, in spite of Wash's statement that he accelerated his speed, several reputable eyewitnesses testified that, instead of increasing his speed when he was about 30 feet from the corner, he decreased it and applied his brakes so promptly and so hard that the roadster skidded some 15 feet immediately before it struck the truck. This testimony distinguishes the present from the *Steinberg Case.*

The *Steinberg Case* is not to be taken as the conclusion of this court that, in all circumstances, negligence may be predicated on a strict mathematical computation of time, distance, and rate of speed. In case the unexpected occurs, time must be allowed a driver, put in peril without his fault, to appreciate the danger and form a judgment of how he will meet it. A driver, about to make a left-hand turn, must give notice of his intention. He has not the right to dash across the street, closely in front of other vehicles, even though he is driving a heavy truck which will only be slightly injured in a collision with light cars. The ordinarily prudent driver may turn to the left when on-coming vehicles are near, but, if there is danger of collision, he will stop before he reaches the stream of traffic and await an opportunity to proceed. Wash could reasonably have assumed, when he saw the truck, that until other indication was given it would proceed down Woodward avenue on its proper side, and also that, when it began to turn, its driver would conduct himself as a reasonably prudent person, with due regard

to the on-coming traffic. These elements are proper for consideration in determining the time reasonably necessary to grasp the danger and to appraise the means .used to avoid it. The case clearly presented a question for the jury on contributory negligence.

The judgment will be reversed, and one entered on the verdict.

BUTZEL, CLARK, POTTER, and NORTH, JJ., concurred with FEAD, J.

WIEST, C. J. (*dissenting*). I think the judgment, notwithstanding the verdict, should be affirmed.

Plaintiff, Inez L. Wash, was riding in the automobile driven by her coplaintiff and brother-in-law, Cecil R. Wash. The negligence of Cecil is imputed to Inez. Cecil R. Wash testified:

"When I first noticed the Smith truck I was about 30 feet from the southerly corner of Savannah avenue. The Smith truck at that time was on the west side of Woodward avenue. * * * The truck was in motion at the time I first saw it and was proceeding south on Woodward avenue and was about to make the turn to cross over to Savannah. * * * The truck proceeded east across the tracks on Woodward avenue and made a left-hand turn toward Savannah avenue, and as it entered Savannah avenue it was closer to the southerly curb of Savannah avenue. I angled my course at that time to get to Savannah.

"*Q.* What is that?

"*A.* To beat him, to get ahead of him, up to Savannah.

"*Q.* Why did you try to get ahead of him into Savannah?

"*A.* I had to do something.

"*Q.* Had you intended to turn into Savannah?

"*A.* No, sir. My intended course was to proceed on Woodward, and I tried to beat him into Savannah avenue to keep from having an accident.

"*Q.* Did you attempt to bring your car to a stop?

"*A.* No, I didn't.

"*Q.* Why didn't you?

"*A.* I wanted to beat him on Savannah, get ahead of his car, try to."

The evidence of eyewitnesses called in behalf of plaintiff, as well as the mute evidence shown by the track of the automobile where it slid upon the pavement, established the fact, beyond question, that the driver of the car applied the brakes instead of trying to turn, but waited to do so until too late, and the car slid forward into the side of the truck.

Under the authority of *Steinberg* v. *Builders' Lumber & Wrecking Co.,* 238 Mich. 181, the circuit judge was right in entering judgment for defendant, and there should be an affirmance, with costs to defendant.

McDonald and Sharpe, JJ., concurred with Wiest, C. J.