### JOHNSTON GRAVEL CO. v. BORCK.

1. NEW TRIAL—GREAT WEIGHT OF EVIDENCE NOT DETERMINED BY NUMBER OF WITNESSES SWORN.

   In an action for the price of certain gravel and sand sold to defendant by plaintiff, where the agreed price was in dispute, a verdict for plaintiff for less than the amount claimed by it cannot be said to be against the great weight of the evidence because its claim was supported by two witnesses while defendant's claim was supported only by his own testimony, since disparity in the number of witnesses sworn by the parties does not determine the question.[1]

2. APPEAL AND ERROR—ADMISSION OF EVIDENCE AFTERWARDS STRICKEN NOT REVERSIBLE ERROR.

   The admission of testimony as to the running price of gravel by a witness who testified he knew was not reversible error, although, on cross-examination, it was developed that he was not qualified so to testify, where, on appellant's motion, said testimony was stricken.[2]

---

[1]Evidence, 23 C. J. §§ 1755, 1756; [2]Appeal and Error, 4 C. J. § 2972 (1926 Anno).

Error to Ottawa; Cross (Orien S.), J.    Submitted October 17, 1924.    (Docket No. 108.)    Decided December 10, 1924.

Assumpsit by the Johnston Gravel Company against George Borck for the price of certain gravel and sand. Judgment for plaintiff for less than amount claimed. It brings error.    Affirmed.

*Charles E. Misner,* for appellant.

*Fred T. Miles,* for appellee.

CLARK, C. J.    Plaintiff sold and delivered to defendant 1,021 yards of gravel and 575 yards of sand at the price, it claims, of $2 per yard, or $3,192.    Defendant contends that the agreed price was $1.50 for gravel and $.75 for sand, a total of $1,962.75, and he tendered into court that sum and the costs.    The issue was submitted to a jury, who found for defendant, and plaintiff brings error, urging that the verdict is against the great weight of the evidence and that the motion for a new trial therefore ought not to have been denied.

A witness, managing plaintiff's business, testified that the agreed price was "$2 straight."    Another witness, who heard a conversation between plaintiff's manager and defendant, said that he heard defendant ask the price of gravel and the manager reply "$2." Defendant testified squarely in support of his contention as stated.    Some rather unsatisfactory testimony of "current or running" prices of sand and gravel in that locality was adduced by both parties. There was no other evidence worthy of note.    The disparity in number of witnesses sworn by the parties does not determine the question.    We determine it after careful consideration of all the evidence.    We think the judge was right in denying the motion.

229—Mich.—5.

A witness, in the gravel business, testified that he knew the "running price of * * * gravel at that time," and he was permitted, over objection, to state what it was. On cross-examination it was developed that he was not qualified so to testify, and on motion of plaintiff the testimony was stricken. We are not impressed that the incident requires reversal.

We find no reversible error.

Judgment affirmed.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.