COBINCO *v.* ROBINSON.

1. DRAINS—NEGLIGENT CONSTRUCTION—CASE FOR JURY.

In an action by the owners of a farm against a drain commissioner for damages for the alleged negligent construction of a drain, record *held*, to present disputed issues of fact for the jury.

2. SAME—DRAIN COMMISSIONER LIABLE IF HE FAILS TO EXERCISE ORDINARY CARE IN CONSTRUCTION OF DRAIN.

Although a drain commissioner is not liable for a mere mistake in judgment, or for the improper exercise of discretion in determining the method of drainage, he is bound to exercise ordinary care and judgment in the discharge of his official duties, and if he needlessly and recklessly injures the property of another he may be held responsible for any resultant damages.

3. TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.

In so far as defendant's requests to charge were proper, *held*, covered by the charge as given, which was a correct statement of the law of the case.

4. APPEAL AND ERROR—ADMISSION OF EVIDENCE AS TO FUTURE DAMAGES NOT PREJUDICIAL.

In an action against a drain commissioner for damages caused to plaintiff's land by the alleged negligent construction of a drain, the admission of evidence as to future damages *held*, not prejudicial, where it was ordered stricken and jury instructed to disregard it, and especially in view of conservative amount of damages awarded under the evidence in the case.

5. DAMAGES—EXCESSIVE VERDICT.

An award of $1,200 for damages to plaintiff's land caused by a negligently constructed drain, *held*, not excessive under the evidence.

Error to Van Buren; Warner (Glenn E.), J. Submitted April 3, 1928. (Docket No. 2, Calendar No. 33,620.) Decided June 4, 1928.

Case by John Cobinco and another against A. D. Robinson for damage caused by the improper construction of a drain. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Robert H. Cavanaugh,* for appellant.

*Earl L. Burhans* and *David Anderson,* for appellees.

NORTH, J.   The plaintiffs are the owners of a farm

through which a tile drain was constructed by the defendant while serving as drain commissioner of Van Buren county. The plaintiffs claim this drain was negligently constructed by the defendant in that the portion immediately above plaintiffs' farm had a much greater fall than that crossing their land; that there were sharp angles in the line of this drain; that the drain was not laid at a proper depth; and that a sufficient outlet was not provided. The plaintiffs assert that as a result of these defects the water has broken out of this tile drain with every freshet and has caused great damage to plaintiffs' land and crops. They claim they have been thus subjected to damage because of the defendant's failure in his official capacity to use reasonable care, caution, and skill in having this drain properly laid out and properly constructed. The defendant denies the charge thus made against him. He urges as a defense that he was acting in his official capacity; that his actions and doings relative to this drain were regular and in compliance with the drain laws; that the survey for the drain was made by a competent surveyor and engineer who prepared the plans and details of said drain. The defendant disavows any and all responsibility and liability for the plans, specifications, or method of constructing the drain, or for any mistake of judgment on the part of himself or the engineer. It is also contended by the defendant that the plaintiffs caused an open tile to be placed in this drain on their land and that this was the cause of much of their damage. The plaintiffs recovered $1,200 damages and the defendant reviews by writ of error.

The various assignments of error are grouped and discussed in the appellant's brief under the following heads:

(1) Error in denying the defendant's motion to dismiss because the declaration does not state a cause of action.

(2) In overruling defendant's motion for directed verdict.

(3) In refusing to grant defendant's requests to charge.

(4) In admitting testimony as to future damages.

(5) In overruling defendant's motion for judgment *non obstante veredicto* and for a new trial.

(6) In instructing the jury.

The declaration plainly sets forth the particular duties of the defendant incident to the construction of this drain, his failure to perform them, and the resultant damage suffered by the plaintiff. A thorough consideration of the record satisfies us that the trial judge was correct in his judgment that the case presented disputed issues of fact for the jury's determination.

Testimony which seems quite convincing was submitted to the jury tending to show that the plan for laying out and constructing the drain was not that of the engineer, but, instead, it was one insisted upon by the defendant. The engineer testified that his original plans and specifications for this drain were adequate, but they were rejected by the drain commissioner; and that the subsequent plans which were required by the defendant in an effort to lessen the cost did not provide for a properly constructed drain. The record was sufficient for the plaintiffs to go to the jury on their theory that they sustained damage because the defendant failed to exercise the degree of care and skill incident to the discharge of his official duties in constructing this drain which is required by law. It is well settled that a drain commissioner is not liable for a mere mistake in judgment, or for the improper exercise of discretion in determining the method of drainage (19 C. J. p. 710) ; but he is bound to exercise ordinary care and judgment in the discharge of his official duties, and if he needlessly and recklessly injures the property of another he may be

held to be responsible for any resultant damages. *Chapel* v. *Smith,* 80 Mich. 100; *Township of Merritt* v. *Harp,* 141 Mich. 233.   In so far as the appellant's requests to charge were proper they were covered in the charge as given; which we find to be a correct statement of the law of the case.   Complaint is made that testimony was taken as to possible future damages, it being urged that this was improper because if the drain was defective it is presumed the defect will be remedied.   This testimony was ordered stricken and the jury instructed to disregard it.   That there was no prejudicial error in this is quite conclusively established by the conservative amount of the damages awarded, in view of the evidence in the case.   We find no justification for the defendant's claim that the verdict was excessive.   We have considered the other questions presented, but find no reason for disturbing the verdict and the judgment.

The case is affirmed, with costs to the appellees.

FEAD, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.