KLING *v*. THE GEORGE AST CANDY CO.

(Decided March 4, 1929.)

*Mr. Arthur C. Fricke* and *Mr. Thomas L. Michie,* for plaintiff in error.

*Mr. Simeon M. Johnson* and *Messrs. Kelley & Remke,* for defendant in error.

HAMILTON, J.   This case grows out of an automobile collision at a street intersection.

Adolph P. Kling, plaintiff in error, who was plaintiff in the court of common pleas, was driving his automobile on Kling avenue, which intersects with Harrison avenue.   On coming into the intersection, he endeavored to turn south on Harrison avenue, toward the city of Cincinnati, when he came into collision with a Ford truck of the defendant in error, who was defendant in the court of common pleas.   Kling received injuries to himself and his automobile, for which he brought suit in the court of common pleas.   The trial of the case resulted in a verdict for the defendant, defendant in error here. From that verdict and judgment, Kling prosecutes error to this court.

There are several specifications of error, but one of which we consider important.   It concerns a special charge given by the court.   The special charge in question, charge No. 1-C, requested by the defendant, which the court gave, is as follows: ''If the jury find that both plaintiff and defendant were

operating their motor vehicles at the same time on Harrison avenue, and if they should also find that the path of the automobile operated by plaintiff intersected the path of defendant's truck, approaching from the right, then it was the duty of the plaintiff to yield the right of way to defendant's truck, at the intersection of the path of plaintiff's automobile with the path of defendant's truck, and if plaintiff failed so to do, and such failure contributed in any degree to the damages and injuries of which plaintiff complains, then your verdict must be for the defendant as to such damages and injuries.''

The giving of this special charge was objected to and exceptions taken, and is the chief ground for reversal presented here.

This charge is in direct conflict with the law as pronounced by the Supreme Court of Ohio in the case of *Heidle* v. *Baldwin,* 118 Ohio St., 375, 161 N. E., 44, 58 A. L. R., 1186. Paragraphs 1 and 6 of the syllabus in that case are as follows:

1. ''Right of way, as defined by Section 6310-28, General Code, and read in conjunction with Sections 6310-30 and 6310-31, General Code, granting a vehicle on a main thoroughfare the right to proceed uninterruptedly in the direction in which it is moving, gives a preference to the vehicle on such main thoroughfare, but does not diminish the duty of the driver of such vehicle *to proceed in a lawful manner,* nor justify his disregarding another vehicle upon an intersecting thoroughfare.''

6. ''It is error to instruct the jury in general terms that the law gives the right of way to the driver of the vehicle upon the main thoroughfare

without stating the conditions and limitations upon that right.''

In the course of the opinion by Chief Justice Marshall, at page 379 of 118 Ohio State, 161 N. E., 44, 45, 58 A. L. R., 1186, it is said: ''The state statute gives to vehicles upon the main thoroughfare the right of way, but does not require vehicles entering such main thoroughfare from an intersecting highway to come to a full stop. Both by the ordinance and by the state law, ' ''*Right of way*'' means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path.' ''

Further along in the opinion, at page 386 of 118 Ohio State, 161 N. E., 47, 58 A. L. R., 1186, the Chief Justice says: ''If a vehicle is driven on a main thoroughfare and another vehicle is approaching such main thoroughfare over an intersecting highway, and each vehicle is driven at a lawful rate of speed, and if by reason of each vehicle continuing at such rate of speed through the intersection a collision would occur, the fault would lie with the vehicle approaching over the intersecting highway. It would be the duty of the driver of such vehicle under such circumstances to stop or check his speed to permit the other to pass. It would be the right of the other under such circumstances 'to proceed uninterruptedly in a lawful manner.' * * * The driver on the main thoroughfares has the right of way. This is not an absolute or inflexible or unqualified right. The right of way establishes precedence only when rights might otherwise be evenly balanced. It is the duty of the driver on the main

thoroughfare to observe all applicable laws and ordinances regulating speed, and if he is driving at an excessive and unlawful rate of speed, so that the other could not reasonably estimate the speed or make reasonable calculations of the time of his arrival at the intersection, or, if such driver on the main thoroughfare is so far distant from the crossing that a reasonably prudent driver on the intersecting highway might reasonably expect to cross in safety, the 'right of way' would not change the rule of liability."

And at page 388 of the opinion, 161 N. E., 48, 58 A. L. R., 1186, the court says: "It must further be borne in mind that the statute by its terms only gives to the vehicle on the main thoroughfare a 'preference.' It is a privilege not to be exercised in total disregard of the rights of others."

The reading of the law as laid down in the case of *Heidle* v. *Baldwin* shows clearly that the special charge given does not square with the law. It failed entirely to state the conditions and limitations on the right of the defendant in error to proceed in the direction in which it was going. The charge fails to state the condition that the driver of the defendant's truck should have been proceeding in a lawful manner—that the plaintiff was only required to yield the right of way if and when the defendant was proceeding on the main thoroughfare in a lawful manner. In so far as the special charge is concerned the defendant's truck may have been approaching the intersection on the wrong side of the street, or at an unlawful rate of speed, or may have been violating all the statute laws of Ohio regulating the subject of traffic.

It is contended that under the facts of this case the charge bears only upon the question of plaintiff's contributory negligence, and that under the facts of the case the charge was not erroneous. While it is the law that the provisions of Section 11447, General Code, requiring the giving of special instructions to the jury before argument in civil cases, are mandatory, the instruction requested must properly state the law.

In the case of *Cincinnati, H. & D. Ry. Co.* v. *Frye*, 80 Ohio St., 289, page 298, 88 N. E., 642, 643, 131 Am. St. Rep., 709, the court said: "Hence, the instructions challenged being manifestly erroneous as to a material matter, prejudice will be presumed and the rule that error without prejudice is not ground for reversal, can have no application in the present case."

Whatever else was intended, the charge undertook to define the law of "right of way" and incorrectly stated the law on this material point. This was prejudicial error.

We find no other error in the record.

For error in giving defendant's special charge No. 1-C, the judgment will be reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

CUSHING, P. J., and ROSS, J., concur.