PLANT *v*. LANGDON.

CANCELLATION OF INSTRUMENTS—DEEDS—ESTATES BY ENTIRETIES—
MENTAL COMPETENCY.

Suit by children to set aside transfer of real property by their
mother, creating estate by entireties in herself and husband,
was properly dismissed where testimony of disinterested wit-
nesses is convincing that at time of execution of deed mother
was mentally competent.

Appeal from Allegan; Miles (Fred T.), J. Sub-
mitted January 8, 1931. (Docket No. 63, Calendar
No. 35,207.) Decided February 27, 1931.

Bill by William Plant and others against Frank
A. Langdon and another to set aside a transfer of
real estate. Bill dismissed. Plaintiffs appeal. Af-
firmed.

*Don E. Minor* and *Irving H. Smith,* for plaintiffs.

*Fidus E. Fish,* for defendant Langdon.

FEAD, J. This is a bill to set aside a transfer of
real estate by Emma Langdon to herself and her
husband, defendant Frank A. Langdon, by the en-
tireties. Mrs. Langdon was 67 years old. Langdon
was her fifth husband. Plaintiffs are her children.

For some time during 1927 and the spring of 1928,
Mrs. Langdon had been ailing, with a high blood
pressure. On March 14, 1928, she had a stroke which
left her in an almost helpless physical condition.
She gradually improved, however, and, during the

summer, was able to get about. In September she had a second stroke and died.

The deeds were executed April 24, 1928. On April 23d, she sent for her banker, voluntarily told him she wanted her husband to have the right to draw upon her account and executed an instrument to that effect. On April 24th, she sent for her attorney, discussed with him the disposition of her personal property in case she died intestate, was satisfied with the distribution provided by law, and instructed him to prepare papers to provide a transfer of real estate so that the title would devolve finally on the survivor of herself and husband. These instructions were given in the absence of the husband.

Testimony, conflicting and in detail, was given of Mrs. Langdon's physical and mental condition. It is not necessary to set it up. Mrs. Langdon's mental competency at the time of the execution of the deed was shown by the testimony of the scrivener, his wife, the attending physician, the banker, and other disinterested witnesses. The testimony is convincing.

Decree sustaining the deed is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.