LAYTON *v.* CREGAN & MALLORY CO., INC.

1. NEGLIGENCE—MOTOR VEHICLES—TRUNK LINE HIGHWAYS—RIGHT OF WAY.

Driver of defendant's car, approaching trunk line highway at illegal rate of speed, who did not stop before entering and yield right of way to driver of car thereon, was guilty of negligence.

2. MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

A question of fact was presented as to whether plaintiff's husband, driving car in which she was riding, was guilty of contributory negligence, and, under circumstances, was properly left to jury.

3. EVIDENCE—PAIN AND SUFFERING—SPONTANEOUS STATEMENTS.

Testimony of statements as to pain and suffering made under circumstances negativing spontaneity should be excluded.

4. SAME — ADMISSIBILITY — EXPERT TESTIMONY — JURY — ULTIMATE QUESTIONS OF FACT.

Medical witness permitted to answer question as to whether plaintiff's condition was caused by injury from accident or overwork on farm invaded province of jury to decide ultimate questions of fact.

WEADOCK, POTTER, and SHARPE, JJ., dissenting in part.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 10, 1933. (Docket No. 141, Calendar No. 37,398.) Decided December 29, 1933.

Case by Josephine Layton against Cregan & Mallory Company, Inc., a foreign corporation, for personal injuries sustained in an automobile accident at intersection of highways. Verdict and judgment for plaintiff. Defendant appeals. Reversed, and new trial granted.

See, also, 263 Mich. 30.

*Adams, Van Horn & Bloem,* for plaintiff.

*Dunham & Sherk* (*Howard & Howard,* of counsel), for defendant.

WEADOCK, J. (*dissenting*). The plaintiff, Josephine Layton, 58 years of age at the time of the injury, November 24, 1930, was seated by her husband on the front seat of the husband's Erskine sport sedan. He had owned and driven cars since 1917. They were driving in a southerly direction on US-131, a trunk line highway, paved with concrete, a little north of Plainwell and had the right of way.

The statute, 1 Comp. Laws 1929, § 4693, defines right of way:

"The privilege of the immediate use of the highway."

"Right of way means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path." *Kling* v. *George Ast Candy Co.,* 33 Ohio App. 177 (168 N. E. 761).

In *Harris* v. *Bernstein,* 204 Mich. 685, 690: Plaintiff's car was struck at a place "where it had a right to be and the defendant's car did not have a right to be."

In that case the court in a unanimous opinion said:

"We think the inferences fairly to be drawn from this situation and this testimony made a question for the jury both as to the contributory negligence of the plaintiff and the negligence of the defendant. See *Amanta* v. *Railroad Co.,* 177 Mich. 280; *Congdon*

v. *Railway Co.*, 179 Mich. 175; *Bouma* v. *Dubois*, 169 Mich. 422; *Brown* v. *Mitts*, 187 Mich. 469; *Weber* v. *Beeson*, 197 Mich. 607.''

In the case of *Henry* v. *Sanderson*, 260 Mich. 563, 567, this court said:

''Plaintiff was not bound to anticipate that defendant would operate his automobile in a negligent manner. Instead, plaintiff was entitled to assume that any other person on the highway would be proceeding in a lawful manner until plaintiff had knowledge to the contrary or by the exercise of reasonable care would have had knowledge or notice to the contrary. At most, under the circumstances of this record, plaintiff's contributory negligence was a question of fact for the jury, and it was so submitted. This case is within and controlled by the principles of law announced in *Pline* v. *Parsons*, 231 Mich. 466; *Kiefer* v. *Fink*, 236 Mich. 274; *Lefevre* v. *Roberts*, 250 Mich. 675, and *Swainston* v. *Kennedy*, 253 Mich. 513.''

The defendant's agent and employee, Baum, with its knowledge and consent and in its business, was driving toward US-131, negligently, at an excessive and illegal rate of speed, saw the stop sign, which was 100 feet from the trunk line, and did not stop. Defendant failed to yield the right of way, ran into Mr. Layton's car which was struck with defendant's front right wheel and drove Layton's car around to the west against the fence. The steering apparatus was pulled loose and the axle and frame were sprung, the bumper was bent and Layton was badly hurt.

The plaintiff was thrown down head first in the corner of the car. When the second bump came the seat was turned and she was thrown back across the seat with her head over between the front and

back seat. She was lying on her back and left side. She was helped out of the car and taken home. She was first placed in a chair and complained of pain in her back and neck. During the month following she was in bed, complained of the same pain, couldn't sleep. She made these complaints to her husband every day during the ensuing two years. She said her back and head pained her terribly. She was in bed three months.

Plaintiff's deposition was taken at her home December 21, 1932. She testified that she was not conscious when the auto came to a stop in the collision; when she came to she was lying between the two seats; she thought her neck was broken; felt as though a piece was taken out of her back and had those feelings ever since. More details were given, among them, that the day before she was hurt she weighed 214 pounds and about two months previous to December, 1932, she weighed 166; before the injury she did a great deal of work on the farm, since then, she could only wash dishes; cannot see to read the newspapers; when she uses her arms her spine fails; she is not able to lean back against a chair or lie on her back in bed; this has been so for two years; had X-rays and the doctor tried electrical treatments but she could not stand it; had no trouble with her nerves before the accident nor with her eyes and now they pain her awfully; walks with a cane, never needed one before; Dr. Vaughan treated her and he called doctors Adams and Westcott in consultation.

There was medical testimony that the injuries were permanent, and likely to grow worse.

At the conclusion of the evidence each party moved for a directed verdict and the case was submitted to the jury under a very complete and fair

charge, the contentions of each side being especially fully and fairly stated.

The jury rendered a verdict of $7,710.63. Defendants moved for judgment *non obstante,* which was denied and judgment rendered for plaintiff on the verdict, and defendant appealed.

Attorneys for appellant present six questions which may be simplified as follows:

1. The right of way.
2. Want of care of Joseph Layton in approaching crossing.
3. Hearsay statements as to physical condition of plaintiff.
4. Opinion of physician on statements.
5. Excessive verdict.
6. Motion for new trial.

1. The Layton car had the right of way on a trunk line. It was in open daylight, the car was in sight; the defendant disregarded the right of way, disregarded the stop sign,—did not have his car under control. If he had stopped as required by law and common sense as well, the collision would not have occurred. This point is considered above.

2. There was no negligence on the part of Mr. Layton. He had a right to rely on the right of way, the law of the road, the sign to stop on approaching the trunk line, the speed and control of the defendant's car. In the case of *Hazzard* v. *Heneveld,* 263 Mich. 253, 255, this court unanimously held:

"The cases are uniform in holding that a driver on a public highway had the right to assume that the law will be obeyed."

3, 4. The statements called hearsay were the history of plaintiff's injury, and an account of her condition at the time, after a personal examination

by Dr. Westcott, an expert, and consulting physician, and were proper. He had made an examination of plaintiff in July, 1931, and the Sunday preceding trial.

He said:

"Taking into consideration the fact that I saw her in 1931 and taking into consideration the fact that this condition has become constantly more aggravated—taking those matters into consideration—I think the condition will be permanent."

This was followed by a hypothetical question embracing the whole case which was objected to and allowed and the answer was:

"It is my opinion that the accident was sufficient—that the occurrence was sufficient—to be responsible for her present condition."

Her general good health prior to the accident was claimed and this was a question of fact for the jury.

5. The verdict was not excessive. The plaintiff, a strong, healthy woman, suffered a terrible shock and was made a nervous wreck. She had lost 48 pounds, was not able to go into court to testify in her case two years after her injury, and had suffered greatly in the meantime from a general or multiple neuritis, radiculitis, traumatic neurosis and arthritis of the atrophic type. This condition is a competent procuring cause of severe pain usually of the continuous character, and the condition of the plaintiff will be permanent.

6. The denial of the motion for a new trial was a matter of discretion properly exercised.

The judgment should be affirmed, with costs.

POTTER and SHARPE, JJ., concurred with WEADOCK, J.

WIEST, J. Defendant's driver was guilty of negligence. Whether plaintiff's husband was guilty of contributory negligence was, considering the disclosed circumstances, a question of fact for the jury and was so left by the circuit judge.

Testimony of statements of pain and suffering made by plaintiff, under circumstances negativing spontaneity, and therefore, open to the charge of being a mere relation of past suffering, or furnishing hearsay evidence thereof at the trial, should have been excluded.

It was seriously contended that plaintiff was suffering from a breakdown occasioned by overwork upon the farm. Whether such was the fact, or she was suffering from shock occasioned by the accident was an ultimate question of fact for the jury.

The court permitted a medical witness to answer the following question:

"Is the condition you found during all this time, in your opinion, caused by the injury she sustained in the accident, or by working on the farm?"

This testimony invaded the province of the jury and its admission, over objection, constituted error. *DeGroot* v. *Winter,* 261 Mich. 660.

The judgment is reversed and a new trial granted, with costs to defendant.

McDONALD, C. J., and NORTH, FEAD, and BUTZEL, JJ., concurred with WIEST, J.