### PHILLIPS *v.* FOTHERINGHAM.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EVIDENCE—PHYSICIANS' FEES AND HOSPITAL EXPENSES.

Upon agreement of plaintiff's counsel to remit amount of physicians' fees and hospital expenses from verdict and judgment in her favor, questions of admissibility of evidence relative thereto are not considered.

2. TRIAL—ADMISSION OF EVIDENCE—HEARSAY—CURING ERROR.

Error, if any, committed in admitting testimony of physician as to condition of 13-year old injured girl, based partly on his examination of her and partly upon hearing reports made to him, *held*, cured by ruling of court that deductions physician reached from hearsay be stricken from record as too remote.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SAVING QUESTION FOR REVIEW—REASON FOR OBJECTION.

Assignment of error as to testimony of medical witness that at time of an examination of injured plaintiff she was still complaining of pain, objected to at trial as irresponsive to question as to appearance of recovery, is not considered on appeal on objection now urged that such testimony was hearsay since reason for objection must be stated at the trial in order to be considered on appeal.

4. AUTOMOBILES — MASTER AND SERVANT — NEGLIGENCE — DEVIATION FROM ROUTE—QUESTION FOR JURY—EVIDENCE.

In action against driver and owner of automobile for negligent injuries sustained by 13-year old girl skater while standing between curb and sidewalk, question as to whether driver had deviated from his employment and regular route at time accident occurred in order to accommodate an intoxicated friend *held*, properly left to jury where driver made inconsistent and contradictory statements and no complaint is made of charge of court respecting submission to jury.

5. DAMAGES—PERSONAL INJURIES—INFANTS—AUTOMOBILES.

Verdict and judgment for $2,000 for injuries to 13-year old girl, consisting of many cuts, scratches, bruises and injuries to tibia that made her limp while walking, *held*, not excessive under record presented.

Appeal from Bay; Houghton (Samuel G.), J. Submitted June 5, 1936. (Docket No. 90, Calendar No. 38,747.) Decided November 9, 1936.

Case by Bernadine Phillips, guardian of Helen Phillips, against W. S. Fotheringham and Jay F. Trombley for personal injuries sustained by ward when struck by automobile. Verdict and judgment for plaintiff. Defendants appeal. Affirmed conditionally.

*Kinnane & Manary,* for plaintiff.

*Rodgers & Dunn,* for defendants.

TOY, J.   Plaintiff, as guardian of Helen Phillips, her minor daughter, brought this action to recover damages alleged to have been caused when the automobile of defendant Fotheringham, being driven by defendant Trombley, struck and injured said Helen Phillips.

Jury trial was had and a verdict returned for plaintiff in the amount of $2,000 against both defendants who now appeal from the judgment entered thereon.

The accident occurred at about 8 o'clock in the evening of March 11, 1933, on Wenona avenue in Bay City, when Trombley drove his automobile over the east curb of Wenona avenue and struck Helen Phillips, then 13 years of age, as she stood on roller skates on the grass between the curb and the sidewalk. She was carried some distance by the car, which left the scene of the accident without stopping, and was picked up unconscious by witnesses. She suffered many cuts, scratches and bruises and suffered injuries on her legs and knee which caused her to limp while walking. An X-ray examination dis-

closed two pieces of bone loosened from the tibia below the knee.

Several questions are submitted to us by appellants relative to the admissibility of evidence in allowing the fees of physicians and hospital expenses, the aggregate of which totals $68.

Counsel for plaintiff in their brief agree to deduct this amount from the judgment, therefore we will not consider these questions.

Error is assigned on the admission of testimony of a physician respecting the injuries and physical condition of the injured girl, which testimony was based partly upon examination of the injured by the physician and partly upon hearsay reports made to him.

If errors existed in the admission of this testimony we think it was cured by the ruling of the court based on motion of defendants' counsel:

"*Mr. Dunn:* In view of this testimony, since it appears that this testimony of this witness is based entirely as to the present or future condition, is based entirely on what plaintiff and her mother has told him, therefore based on hearsay, we ask to have it stricken from the record. * * *

"*The Court:* The motion will be granted to strike out everything based clearly on hearsay.

"*Mr. Dunn:* And that, of course, would include any testimony as to any abnormal conditions with respect to the knee, either present or future.

"*The Court:* Yes, whatever he testifies is based on what they told him.

"*Mr. Manary:* How is your honor going to divide that before the jury? He says he bases his testimony on what they tell him, plus the X-ray here.

"*The Court:* Well, he can testify as to the X-ray, what he says and the fact regarding it.

"*Mr. Manary:* What will be stricken out before the jury though?

"*The Court:*     All deductions he reaches from what they told him, that is hearsay.

"*Mr. Manary:*     Yes, that is all right.

"*The Court:*     It is too remote and contains the human equation mentioned, but what he can see in the X-ray he can give his opinion as to that."

Error is also assigned on the ruling of the court to the following answer given by plaintiff's witness, Dr. Stuart, on cross-examination:

"*Q.*     Did you look at the knee at that time?

"*A.*     Yes, I did.

"*Q.*     And at that time it appeared to you to have been a complete recovery so far as you could tell by your examination?

"*A.*     The patient was still complaining of pain at that time.

"*Mr. Dunn:*     We ask to have the answer stricken as not responsive.

"*The Court:*     It may stand.

(Question read)

"*A.*  There did, yes."

Counsel now contends that this testimony relative to the complaint of pain by the patient was clearly objectionable under the rule stated in *Layton* v. *Cregan & Mallory Co., Inc.,* 265 Mich. 574.

We shall not consider this assignment for the reason that counsel did not, at the trial, state the reason now urged as error, as the ground of his objection but merely asked that the answer be stricken "as not responsive." Counsel must state at the trial the reasons for their objections if they desire to have such reason considered on appeal. *O'Donnell* v. *Oliver Iron Mining Co.,* 273 Mich. 27; *Mahiat* v. *Codde,* 106 Mich. 387.

Defendant Fotheringham contends that the trial court erred in refusing to hold as a matter of law

that defendant Trombley was not, at the time of the accident, engaged in the course of his employment for and on behalf of defendant Fotheringham.

He contends that Trombley deviated from his employment and was not acting in the course thereof at the time of the accident. He bases his contention on the testimony of Trombley who testified that on the day of the accident he had driven the automobile from Bay City into Saginaw county on "missionary business" for his employer and that on his return to Bay City he passed through Salzburgh and that there he saw a friend of his on the street who was intoxicated and who was not able to help himself and that he picked up his friend for the purpose of taking him home. He testified that his intoxicated friend lived on the west side of Bay City and that in order to take him to his home he was proceeding on Wenona avenue when the accident happened. Appellant Fotheringham contends that the foregoing testimony of Trombley shows that he deviated from his employment for the purpose of accommodating a friend and thereby severed the relation essential to fasten liability upon his master for his negligence, and he relies upon our holding in *Foote* v. *Huelster*, 272 Mich. 194, and allied cases. On cross-examination, however, Trombley made inconsistent and contradictory statements to those given by him on direct examination. Such testimony gave rise to an inference that he had not deviated from his employment nor from his regular route at the time of the accident.

This testimony raised an issue for the jury. *Steinberg* v. *Builders Lumber & Wrecking Co.*, 238 Mich. 181; *Rindge Building* v. *United Automobile Ins. Co.*, 229 Mich. 555; *Poikanen* v. *Thomas Furnace Co.*, 226 Mich. 614; *Buckner Loan Co.* v. *Bicher*, 221 Mich. 198; *Foster* v. *Rinz*, 202 Mich. 601. The trial judge

submitted that issue to the jury for its determination. No error is assigned upon the charge of the court in reference thereto. We think the trial court properly left the issue to the jury for determination.

Appellants contend the verdict is excessive. An examination of the record discloses sufficient testimony upon which the jury might base their verdict. We find no reason to hold it excessive.

We find no reversible error and upon the filing of a remittitur by plaintiff in the amount of $68 the judgment will be affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and SHARPE, JJ., concurred. POTTER, J., did not sit.