## TRAFAMCZAK *v.* ANYS.

1. AUTOMOBILES—PAYMENT FOR RIDE—GROSS NEGLIGENCE.

    Where testimony was conflicting as to whether or not plaintiff had paid defendant for a ride in latter's truck and jury found for plaintiff, it became unnecessary to determine that defendant was liable to plaintiff only in the event that defendant be found guilty of gross negligence or wilful and wanton misconduct (1 Comp. Laws 1929, § 4648).

2. SAME—NEGLIGENCE—SLEEP.

    Negligence on part of truck driver would be established where it appears an accident happened because he fell asleep while driving.

3. NEGLIGENCE—RES IPSA LOQUITUR.

    An inference of negligence may not be drawn from the mere fact that an accident occurred, as the doctrine of *res ipsa loquitur* does not obtain in this State.

4. SAME—EVIDENCE—INFERENCES—ACCIDENT.

    Notwithstanding the doctrine of *res ipsa loquitur* does not obtain in this State, proper inferences may be drawn from the facts disclosing the manner in which an accident has taken place.

5. AUTOMOBILES—DUE CARE OF OPERATORS—DISTRACTION.

    A motorist who permits his attention to be distracted by some matter that does not constitute a hazard to the operation of the car is not using due care.

6. SAME—OBSERVATION OF OIL GAUGE—DISTRACTION OF TRUCK OPERATOR.

    Truck driver who admitted having observed his oil gauge while truck was traveling about 200 feet at night as the truck went into the ditch on left side of highway and injured plaintiff passenger, then asleep, was not using due care.

7. SAME—NEGLIGENCE OF OPERATOR—SLEEP—DISTRACTION—EVIDENCE.

    Whether defendant driver of truck which went off left side of road into ditch while being operated at speed of 25 to 30 miles

---

Ordinary negligence a question of fact for the jury, see 2 Restatement, Torts, § 434; standard of conduct defined, §§ 283–285.

an hour at night fell asleep as claimed by plaintiff or whether he was making a prolonged observation of the oil gauge as admitted by defendant, the evidence established negligence on part of defendant.

8. WITNESSES—REFRESHING RECOLLECTION—REPORT OF ACCIDENT—STATUTES.

The testimony of a deputy sheriff who had taken a report from defendant truck driver after accident in which plaintiff was injured was incompetent, where it appears that although report, itself not usable as evidence by virtue of statutory prohibition against such use, was used to refresh recollection of such deputy, his memory was not refreshed (1 Comp. Laws 1929, § 4722, as amended by Act No. 318, Pub. Acts 1939).

9. APPEAL AND ERROR—CURING ERROR—IMPROPER USE OF REPORT OF ACCIDENT—CUMULATIVE TESTIMONY.

Where report of accident was barred from use in a court action by statute and testimony of deputy sheriff, based thereon, was ordered stricken in suit by party injured against reporting motorist, the error in permitting such use of the report *held,* cured under the circumstances, where it appears such testimony as was given that defendant had admitted having fallen asleep was merely cumulative in that three other witnesses had testified to like admissions (1 Comp. Laws 1929, § 4722, as amended by Act No. 318, Pub. Acts 1939).

10. TRIAL—AUTOMOBILE ACCIDENT CASE—REFERENCE TO INSURANCE—MISTRIAL.

Denial of motion for mistrial because one of plaintiff's witnesses stated defendant had admitted to him that truck involved in accident was insured *held,* proper, where it appears the remark as to insurance was spontaneous, not anticipated by counsel, not injected by him into the case to influence the jury nor used by him thereafter and judge immediately directed jury to disregard the statement.

11. DAMAGES—FRACTURED ARM OF LABORING MAN—EXCESSIVE VERDICT.

Verdict of $5,314.50 to 58-year-old laboring man who suffered a fractured arm, severe head injuries, cuts and abrasions, who was hospitalized for a period of three weeks following an accident and unable to work for approximately three months and sustained materially reduced earning capacity thereafter, and still suffered ill effects over four years later, *held,* not excessive nor indicative that jury was in any way improperly influenced in returning it.

12. SAME—PAIN AND SUFFERING—QUESTION FOR JURY.

> The award of damages for pain and suffering in an action for injuries rests in the sound judgment and discretion of the jury.

Appeal from Gogebic; Landers (Thomas J.), J. Submitted January 13, 1948. (Docket No. 18, Calendar No. 43,860.) Decided April 5, 1948.

Case by Mike Trafamczak against William Anys for injuries sustained when defendant's truck went off the road. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*William G. Cloon* (*S. W. Patek,* of counsel), for plaintiff.

*Ivan D. Wright,* for defendant.

CARR, J. This case results from an automobile accident occurring about 3:30 in the morning of February 22, 1942. Plaintiff and one Walter Glaser were riding in a truck owned and driven by defendant. Approximately four miles south of the village of Watersmeet in Gogebic county, the vehicle left the traveled portion of the highway, coming to a stop in the ditch on the left side of the road. Plaintiff sustained serious injuries, and instituted the present suit to recover damages therefor. The case was tried before a jury, which returned a verdict in plaintiff's favor in the sum of $5,314.50. Defendant's motion for a new trial was denied, and he has appealed.

The record does not set forth the pleadings, but it appears that the case was tried on behalf of plaintiff on the theory that the accident resulted from defendant's negligence in failing to keep a reasonable and proper outlook for plaintiff's safety. It is

conceded that plaintiff was asleep at the time of the accident, and no question is presented as to contributory negligence on his part. On behalf of plaintiff, testimony was offered on the trial to the effect that following the accident defendant made admissions indicating that he was asleep when the truck left the highway. Defendant denied the alleged statements, and claimed that he was fully awake at the time. It was also plaintiff's claim that he paid defendant the sum of two dollars for the privilege of riding in the truck. Defendant denied such payment, and the issue was submitted to the jury under instructions that plaintiff could not recover unless they found from the evidence that plaintiff had paid defendant as claimed. The jury determined the issue in plaintiff's favor, thus disposing of the claim that plaintiff was a guest passenger and that defendant was not liable in the absence of gross negligence or wilful and wanton misconduct on his part.[*]

It is the claim of defendant that the evidence in the case did not justify the finding of the jury that defendant was guilty of negligence constituting the proximate cause of the accident. At the conclusion of plaintiff's proofs a motion for a directed verdict was made by defendant and was denied by the trial court. It was renewed at the conclusion of the case with like result. If, as plaintiff claimed on the trial, the accident happened because defendant fell asleep while driving, negligence on the latter's part was thereby established. *Devlin* v. *Morse,* 254 Mich. 113; *Perkins* v. *Roberts,* 272 Mich. 545. No claim is made that such conduct constituted gross negligence or wilful and wanton misconduct. If, on the other hand, defendant's version as to what occurred is correct, the conclusion is fully justified that he was not keeping a reasonable and proper outlook. The

[*] See 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446).

night was clear, and no claim is made that defend-ant's vision was in any way obstructed. Neither is there any proof that the truck left the highway be-cause of coming in contact with any obstruction, or that it skidded because of a slippery condition of the surface of the road. Defendant, called for cross-examination by the plaintiff, testified that the acci-dent happened on a gradual curve, that his wind-shield was clear, and that he did not go to sleep before the accident. The following excerpt from his examination by his own counsel indicates his theory as to what occurred:

"*Q.* Now, Bill, just how did this accident hap-pen?

"*A.* I was driving down the road, hitting north, coming from the south and I don't know what went wrong but my oil gauge was not working just right although the car had been just overhauled and I was more or less watching it and I don't know how we got in the ditch yet.

"*Q.* You mentioned the oil gauge, what did the oil gauge show?

"*A.* The oil gauge kept dropping all the time.

"*Q.* What connection did the oil gauge have with anything that happened?

"*A.* I probably was looking at the oil gauge and if I glanced at the oil gauge I went in the ditch.

"*Q.* At the time the accident happened how fast do you think you were going?

"*A.* About 25 or 30 miles per hour.

"*Q.* How long do you think you may have looked down at the oil gauge at one time?

"*A.* Probably a few seconds.

"*Q.* Long enough to go about how far?

"*A.* A couple hundred feet.

"*Q.* You went into the ditch on the left side of this curve?

"*A.* Yes."

Except as indicated by the testimony quoted, defendant offered no explanation as to the cause of his truck leaving the highway. It is apparent that he was not watching the road immediately prior to the accident. His own testimony fully justified such conclusion. It is true that an inference of negligence may not be drawn from the mere fact that an accident occurred. The doctrine of *res ipsa loquitur* does not obtain in this State. *Watrous* v. *Conor,* 266 Mich. 397; *Weissert* v. *City of Escanaba,* 298 Mich. 443 (10 N. C. C. A. [N. S.] 393); *School District of the City of Ionia, for use and benefit of Employers' Liability Assurance Co.,* v. *Dadd,* 308 Mich. 220. However, proper inferences may be drawn from the facts disclosing the manner in which the accident has taken place. *Heppenstall Steel Co.* v. *Railway Co.,* 242 Mich. 464; *Hazen* v. *Rockefeller,* 303 Mich. 536. The testimony of the defendant, above quoted, is consistent with that of his witness, Glaser, who was riding in the car at the time of the accident. According to the latter, he was watching the oil gauge and was carrying on a conversation with defendant with reference to it immediately prior to the accident.

It is a logical conclusion from the evidence that defendant was not keeping a proper outlook. It was his duty to observe the road and not permit his attention to be distracted by some matter that did not constitute a hazard to the operation of his car. No claim is made that an examination of the oil gauge, or any discussion concerning it, was imperative at the time. Nevertheless, defendant, according to his own admission, permitted his observation to be diverted from the road for several seconds while the car was proceeding a distance of approximately 200 feet. Under the circumstances, this did not constitute due care. In *Wineman* v. *Carter,* 212 Minn.

298 (4 N. W. [2d] 83), it was said (syllabus by the court):

"A normal boy in his sixteenth year *held* guilty of. negligence as matter of law in so driving an automobile that it collided with another parked on the street, the collision being the result of his inattention while picking up a lighted cigarette which he had just dropped."

Likewise in *Sheehan* v. *Foster,* 80 Cal. App. 56 (251 Pac. 235), it was held that defendant had not exercised ordinary care and diligence for the safety of the plaintiff because, while driving 12 to 15 miles an hour, he neglected to watch the road while endeavoring to pick up the ignition key that had fallen to the floor of the car. See, also, *Orme* v. *Farmer,* 268 Mich. 425; *Breckenridge* v. *Arms,* 279 Mich. 384; *Dreyer* v. *Otter Tail Power Co.,* 205 Minn. 286 (285 N. W. 707); *Bashor* v. *Bashor,* 103 Col. 232 (85 Pac. [2d] 732, 120 A. L. R. 1507). Whether defendant's failure to observe the highway before him was due to his falling asleep, or to the reason suggested in his own testimony, the conclusion cannot be avoided that he failed to observe the duty resting on him. His claim that the evidence did not establish negligence on his part is without merit.

Error is predicated on the admission, over defendant's objections, of the testimony of a deputy sheriff of the county, who was a witness in plaintiff's behalf. Said witness had in his possession the report that he had taken from the defendant, following the accident, under the provisions of 1 Comp. Laws 1929, § 4722, as last amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4722, Stat. Ann. 1947 Cum. Supp. § 9.1590). Under the specific terms of said statute, a report so made is not "available for use in any court action." The

record indicates that the witness was permitted to examine it for the purpose of refreshing his recollection. In answer to questions propounded to him, he read from the report a statement indicating that defendant had admitted falling asleep immediately prior to the accident. It is clear from the answers of the witness that his recollection was not refreshed, for he indicated that his testimony was based entirely upon the report, and that he had no recollection whatsoever of defendant or the statement made by him. The situation is materially different from that involved in *Delfosse* v. *Bresnahan,* 305 Mich. 621, and in *Heiman* v. *Kolle,* 317 Mich. 548. In each of these cases the witness whose testimony was challenged testified to matters within his own knowledge or recollection. The report itself was not offered in evidence and a motion to strike the testimony was, at the time, denied by the trial court. Subsequently, however, such motion was renewed and was granted prior to the submission of the case to the jury. The testimony was incompetent, but we think the action of the trial court in striking it out cured the error, under the circumstances involved in the case. *Johnston Gravel Co.* v. *Borck,* 229 Mich. 64; *Morris* v. *Montgomery,* 229 Mich. 509; *Cobinco* v. *Robinson,* 243 Mich. 170; *Phillips* v. *Fotheringham,* 277 Mich. 566. The testimony given was cumulative, three other witnesses produced by plaintiff having testified that defendant had made to them, or in their presence, statements indicating that he had fallen asleep prior to the accident. See *Metcalf* v. *Peerless Laundry & Dye Co.,* 215 Mich. 601. Furthermore, defendant's testimony, as above pointed out, clearly indicates that he did not exercise due care for the safety of plaintiff. Under the circumstances here presented, it cannot be said that the error in the admission of the testimony

was of such character that it could not be cured by striking such testimony from the record.

During the progress of the trial, the following occurred in the examination of plaintiff's witness, Leo Brooks:

"*Q.*   Where did Mr. Anys state he had left Mike?

"*A.*   He said he left him at the Grand View Hospital and everything was all right. He said he had seen the local police in Ironwood and everything was all right and his truck was fully covered in insurance.

"*Mr. Wright:*   I now move for a mistrial.

"*The Court:*   I do not think the statement came out with any premonition but came out quite spontaneously.

"*Mr. Wright:*   It certainly is a prejudicial statement and contrary to the statute.

"*The Court:*   I do not think it created that impression, it came out so spontaneously. However, the jury will disregard that statement. There is no such question in this case and this has nothing whatsoever to do with the case and the jury is not to be governed at all or guided by that statement and it has no place in this trial. This is an action between Mike Trafamczak and William Anys."

The motion for a mistrial was denied, the trial court expressing the opinion, as indicated in the language above quoted, that the testimony was spontaneous and not anticipated by counsel. We think the trial court was correct in his conclusion and the denial of the motion for a mistrial was not erroneous. In *White* v. *Makela,* 304 Mich. 425, 436, the Court, citing prior decisions relating to the matter, said:

"We have had occasion to discuss the question here raised, and our conclusions have quite uni-

formly been that the mere fact that the defendant has insurance has reached the ears of the jurors during the trial does not constitute reversible error, unless an improper use of it is made by counsel for the evident purpose of inflaming the passions of the jury and thereby affecting the result or increasing the size of the verdict, or unless such testimony was designedly injected into the case for such purpose or purposes.''

In the case at bar it does not appear that any attempt was made by counsel for the plaintiff to make any use whatsoever of the statement concerning insurance. Neither does it appear that the matter was designedly injected into the case. The form of counsel's question was not such as to call for any statement from the witness as to what defendant had said with reference to insurance.

It is also claimed by defendant that the verdict of the jury was excessive. On the basis of the evidence the claim is not tenable. While the verdict was substantial, it clearly appears that plaintiff sustained injuries of a serious nature. He had a fractured arm, severe head injuries, cuts and abrasions. He was hospitalized for a period of three weeks following the accident, and was unable to work for approximately three months. He was at the time of the occurrence 58 years of age, a laboring man in good health. At the time of the trial, in July, 1946, he claimed that he was still suffering ill effects because of his injuries, and gave testimony tending to show that his earning capacity had been materially reduced. The awarding of damages for pain and suffering rested in the sound judgment and discretion of the jury. It cannot be said on this record that such discretion was abused, or that the size of the verdict indicates that the jury was in any way im-

properly influenced in returning it. *Cleven* v. *Giffin,* 298 Mich. 139; *Gibbons* v. *Delta Contracting Co.,* 301 Mich. 638.

For the reasons indicated, the judgment is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.